IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORENZO PEARSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:19-cv-204-WKW-SMD |
| | ) |
| EXPERIAN, | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is *pro se* plaintiff Lorenzo Pearson's Complaint against Experian. (Doc. 1). This Court granted Plaintiff leave to proceed *in forma pauperis* and stayed service of process pending § 1915(e) review. (Doc 7).

On August 12, 2019, the undersigned granted Plaintiff leave to amend his Complaint because the factual allegations in the Complaint failed to meet pleading standards under Rule 8 of the Federal Rules of Civil Procedure (Doc. 15). The undersigned gave Plaintiff until August 26, 2019, to correct these deficiencies, and specifically warned that Plaintiff's failure to amend as required "will result in the undersigned's recommendation that this case be dismissed with prejudice for failure to prosecute and abide by the orders of the Court." (Doc. 15) at 6. As of this writing, Plaintiff has failed to comply with this directive.

The undersigned determines that Plaintiff's failure to comply with court

orders warrants dismissal with prejudice. *See, e.g., Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) [1] ("[Federal Rule of Civil Procedure] 41(b) provides that a case may be dismissed for failure to prosecute. Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Failure to prosecute includes failing to comply with the Court's orders. *See, e.g., Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974). Accordingly, it is the recommendation of the undersigned that this case be

DISMISSED for failure to prosecute and abide by court orders. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before November 7, 2019**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    DONE this 24th day of October, 2019.

                                   /s/ Stephen M. Doyle  
                                   UNITED STATES MAGISTRATE JUDGE